CITY OF NEW ORLEANS *v.* THE UNION BANK OF NEW ORLEANS.

The 117th section of the Act of 1856, which was intended to amend an Act entitled "an Act to consolidate the city of New Orleans, and to provide for the government of the city of New Orleans, and the administration of the affairs thereof," contemplated that the special railroad tax should be levied after the assessment roll was completed.

APPEAL from the Second District Court of New Orleans, *Morgan,* J.
W. O. *Denègre,* for plaintiff and appellant. *Benjamin, Bradford & Finney,* for defendant.

MERRICK, C. J. This case is similar to the cases of the plaintiff against the Southern and Mechanics' and Traders' Banks, ante pp. 89, 107.

In speaking of the repealing Act of 1857, counsel seem to suppose that the ordinance of 23d of February, was a violation of the favorite policy of the State relative to the free banks.

They say, "to rescue this system, so soon as the Legislature was apprised of the attempt of the city to tax these free banks, the Act above quoted was passed ; not only to exempt them from taxation in future, but to exempt them from the payment of the tax already laid in contravention of a favorite public policy by the State." So far from this being the settled policy in 1856, the Legislature, besides declaring capital to be property subject to taxation, said, in the 68th section, "that all moneyed or stock corporations deriving a profit from their capital or otherwise, shall, for the purposes of the Act, be liable to taxation on their capital, except such corporations as are now, by their charters, exempt from the same." See also sec. 41, p. 147.

In the case of the *City* v. *The Southern Bank,* we think we have shown that other persons had at least an equitable interest in the collection of the special railroad tax. We may add, that an exemption from future municipal taxation is a very different thing from an exemption from taxes already assessed.

The laws prohibiting the emancipation of slaves, took from the courts the power to decree the emancipation of slaves for the future (Acts, 1857,) just as the city is prohibited from assessing taxes in future on the capital of the free banks, and so far only the analogy holds good.

It is supposed that the tax could not be levied after the assessment roll was completed. It is quite clear, by reference to section 117, that the Legislature contemplated that the special railroad tax should be levied after the assessment roll was completed, for such ordinance was to be the first passed in January, and the ordinary assessment roll was to have been delivered in December.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed. And it is now ordered, adjudged and decreed by the court, that the plaintiff recover and have judgment against the defendant, for the sum of $2,231, with interest thereon at the rate of one per cent. per month, from the first day of June, 1857, until paid ; and that the defendant pay the costs of both courts.

BUCHANAN, J., dissents in part, for reasons given in *City* v. *Southern Bank,* ante p. 92.